UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT GAGNE,<br>    Plaintiff,<br><br>v.<br><br>HAROLD CLARK, ROBERT<br>MURPHY, and DIRECTOR OF<br>TREATMENT OF FORENSIC<br>HEALTH SERVICES, INC.,<br>    Defendants. | C.A. No. 08-12011-MLW |

## MEMORANDUM AND ORDER

WOLF, D.J.                                                        February 17, 2011

Plaintiff Albert Gagne, appearing pro se, seeks relief pursuant to 42 U.S.C. §1983. Plaintiff filed a complaint on October 14, 2008, alleging abuse of a class of civilly committed sexually dangerous persons by denying them their constitutional rights to equal protection and due process, and to be free from false imprisonment, double jeopardy, and cruel and unusual punishment. Plaintiff moved to certify a class action on June 4, 2009, and renewed that motion on December 3, 2009. On February 15, 2010, the court denied both motions without prejudice because a pro se litigant cannot satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4) and, in any event, plaintiff failed to satisfy any of the other requirements of Rule 23(a)(1)-(3).

In March, 2010, plaintiff moved to file an interlocutory appeal of the denial of his motions to certify a class. Federal Rule of Civil Procedure 23(f) requires that requests for an

interlocutory appeal of decisions denying class certification be directed to a court of appeals. Assuming, without finding that Rule 23(f) does not provide the exclusive means of obtaining interlocutory review of the denial of class certification, see Bates v. United Parcel Service, Inc., 465 F.3d 1069, 1076 n.5 (9th Cir. 2006), the court must determine whether the order denying class certification "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. §1292(b). Here, the court relied on well-established First Circuit authority in determining that plaintiff had not satisfied the requirements of Rule 23(a)(1)-(4). See Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003). Therefore, plaintiff's motion is not meritorious because there is no substantial ground for difference of opinion.

On March 31, 2010, and April 29, 2010, defendants moved to dismiss the complaint in its entirety for failure to state claims upon which relief can be granted. On May 6, 2010, plaintiff moved for an extension of time to August 1, 2010, to file his response. By August 24, 2010, plaintiff had not filed his response and this court ordered plaintiff to do so by September 10, 2010, noting that failure to do so may result in a ruling on the motions to dismiss without an opposition. On September 1, 2010, plaintiff filed another Motion for Extension of Time to File Response by December

1, 2010. However, by December 1, 2010, plaintiff had not filed a response and has still failed to do so.

The relevant Local Rule for the United States District Court for the District of Massachusetts states that, "[a] party opposing a motion shall file an opposition to the motion within fourteen days after service of the motion, unless another period is fixated by rule or statute, or by order of the court, and in the same . . . document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted." See D. Mass. R. 7.1(b)(2). "Failure to comply with any of the directions or obligations set forth in . . . these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer." See D. Mass. R. 1.3.

As plaintiff has repeatedly failed to respond to defendants' motions to dismiss, and since those motions are meritorious because plaintiff's claims relate to conduct concerning putative class members rather than himself, the motions to dismiss are being allowed.

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Permission to Appeal (Docket No. 51) is DENIED.

2. Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 54) is ALLOWED.

3. Defendant's Motion to Dismiss (Docket No. 63) is ALLOWED.

4. All other motions are MOOT.

_____
UNITED STATES DISTRICT JUDGE